**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:_____**

---

Brittany Pfleiderer,

                Plaintiff,                  **COMPLAINT**

  v.

                                        **WITH JURY TRIAL DEMAND**

Daniels Law Offices, P.C.,

                Defendant.

---

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681 et seq., 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

## PARTIES

3.    Plaintiff Brittany Pfleiderer is a natural person who resides in the city of Minneapolis, County of Hennepin, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(3).

4.    Defendant Daniels Law Offices, P.C. (hereinafter "Defendant") is a professional corporation incorporated under the laws of the state of Massachusetts and

1

regularly engages in debt collection with a principal place of business at 1250 Hancock Street, Quincy, MA 02169-4339.  Defendant is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.      In the fall of 2006, Plaintiff was a student at Boston University for one semester.

6.      Sometime during the fall of 2006, Plaintiff notified Boston University that she would no longer be a student at Boston University following the completion of the fall 2006 semester.

7.      At the conclusion of the fall 2006 Semester, Plaintiff moved back home to Minnesota and did not return to Boston University.

8.      In January 2007, Plaintiff received a telephone call from a Boston University employee and confirmed that she was no longer a student.

9.      Unbeknownst to Plaintiff, regardless of the fact that she had put Boston University on notice that she would no longer be a student, and that she did not attend school following the fall 2006 semester, Plaintiff was charged over $6,000 for tuition, residence fees, and collection costs for the spring 2007 semester.

10.     No contract existed between Plaintiff and Boston University for the charges allegedly incurred by Plaintiff.

11.     At some point, the alleged consumer debt, as that term is defined at 15 U.S.C. § 1692a(5) was transferred or assigned to Defendant for collection.

12.     On or about October 27, 2009, Defendant served a Summons and Complaint upon Plaintiff, demanding payment in the amount of $6,737.78 plus costs and interest for "goods and services rendered to the defendant in Massachusetts." (See Exhibit A attached hereto).

13.     Defendant initiated litigation against Plaintiff in the State of Massachusetts, where she does not reside and in the absence of any contract, in violation of 15 U.S.C. §§ 1692d, 1692f, and 1692i(a)(2).

14.     Upon receipt of the Summons and Complaint, Plaintiff telephone Defendant and inquired as to the basis for the alleged debt owed to Boston University.

15.     On November 3, 2009, Defendant sent Plaintiff via facsimile a copy of the bill from Boston University showing charges in the amount of $6,306.78 for the spring 2007 semester that Plaintiff did not attend.

16.      In addition, Defendant also provided Plaintiff with the "current breakdown" of her "account" with Defendant.  Therein, Defendant demanded payment of the "balance due" totaling $8,007.26 based on the "placement amount" of $6,737.78, "charges" in the amount of $244.25, and "pre-judgment interest" in the amount of $1,025.23, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1).

17.     Thereafter, on or about November 13, 2009. Plaintiff filed her Answer in Response to Defendant's baseless state court Complaint.

18.     However, on or about December 15, 2009 Defendant served upon Plaintiff a Request for Default Judgment, thereby misrepresenting that Plaintiff had not

responded to the state court Complaint, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

19.     In addition, Defendant served upon Plaintiff a Motion for Summary Judgment and in support thereof provided an Affidavit pertaining to another collection action against another person, and not the Plaintiff, stating the Plaintiff owed $25, 613.97 in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692(10), and 1692f.

20.     Plaintiff is entitled to actual and compensatory damages from Defendant for willfully commencing a baseless civil action in the wrong jurisdiction, and thereby inflicting anxiety, fear, and emotional distress on her.

21.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ.

23.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

4

24.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) & (B);
- That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- That the Court grant such other and further relief as may be just and proper.

Dated this 26th day of March, 2010.          By: s/Trista M. Roy

**CONSUMER JUSTICE CENTER, P.A.**
Trista M. Roy
MN Bar No.: 0387737
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tristacjc@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA   )
            ) ss
COUNTY OF  HENNEPIN  )

    I, Brittany Pleiderer, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

           s/Brittany Pleiderer_____
           Brittany Pleiderer

Subscribed and sworn to before me
this 18 day of December, 2009.


s/Brian G. Barlow_____
Notary Public